McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
Attorneys for Plaintiff,
Selective Insurance Company of America

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF AMERICA, | Civil Action No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| MAZZUCA ENTERPRISES, INC., M-J AIR INC. a/k/a M-J AIR, INC., JOSEPH MAZZUCA t/d/b/a MAZZUCA REALTY COMPANY a/k/a MAZUCCA REALTY CO. a/k/a MAZZUCA REALTY, GEORGIA M. MAZZUCA, personal representative of the ESTATE OF MICHAEL J. MAZZUCA a/k/a MICHAEL MAZZUCA t/d/b/a MAZZUCA REALTY COMPANY a/k/a MAZUCCA REALTY CO. a/k/a MAZZUCA REALTY, and WANDA MAZUCCA, | |
| Defendants. | |

Plaintiff, Selective Insurance Company of America ("Selective" or "Plaintiff"), through its counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, by way of Complaint against Defendants, Mazzuca Enterprises, Inc. ("Mazucca"), M-J Air Inc. a/k/a M-J Air, Inc. ("M-J Air"), Joseph Mazzuca t/d/b/a Mazzuca Realty Company a/k/a Mazzuca Realty Co. a/k/a Mazzuca Realty ("Joseph"), Georgia M. Mazzuca, personal representative of the estate of Michael J. Mazzuca a/k/a Michael Mazzuca t/d/b/a Mazzuca Realty Company a/k/a Mazzuca

Realty Co. a/k/a Mazzuca Realty ("Estate of Michael"), and Wanda Mazzuca (collectively "Defendants" or "Indemnitors"), alleges the following upon information and belief:

## JURISDICTION AND VENUE

1.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332(a) in that this is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff is incorporated in the State of New Jersey, and its principal place of business is also located within the State of New Jersey.

## THE PARTIES

3.      At all relevant times hereinafter mentioned, Plaintiff was and is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located at 40 Wantage Avenue, Branchville, New Jersey 07826.

4.      Defendant, Mazzuca, was and is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 1404 Laurel Boulevard, Pottsville, Pennsylvania 17901.

5.      Defendant, M-J Air, was and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business and registered agent c/o Delaware Registry, Ltd., 3511 Silverside Road, Suite 105, Wilmington, Delaware 19810.

6.      Defendant, Joseph, is a citizen of the State of Florida, with a residential address at 20921 Haulover Cove, #F2, Lutz, Florida 33558.

7.      Defendant, Estate of Michael, is named through personal representative Georgia M. Mazzuca, a citizen of Pennsylvania with a residential address of 17 Cottage Hill West,

Pottsville, Pennsylvania 17901, with a pending probate file (Case No. 5419-0526) with the

Schuylkill County, Pennsylvania, Register of Wills.

8.      Joseph and Michael Mazzuca did business as, and/or traded as Mazzuca Realty

Company a/k/a Mazzuca Realty Co. a/k/a Mazzuca Realty, a fictitious name associated with

what Joseph and Michael Mazzuca represented to be a "general real estate partnership wholly

owned and operated by Michael John Mazzuca and Joseph Anthony Mazzuca."

9.      Wanda Mazzuca is a citizen of the State of Florida, with a residential address at

20921 Haulover Cove, #F2, Lutz, Florida 33558.

### GENERAL ALLEGATIONS

### I.      THE INDEMNITY AGREEMENT

10.     On or about July 2, 2010, in consideration for and in order to induce Selective to

issue bonds, as surety, on behalf of Mazzuca, as principal, the Indemnitors each executed a

General Agreement of Indemnity in favor of Selective, as Indemnitee (the "Indemnity

Agreement").

11.     A true and accurate copy of the Indemnity Agreement is attached hereto as

**Exhibit A**.

12.     Paragraph 3 of the Indemnity Agreement provides:

> The Indemnitors hereby jointly and severally covenant, promise
> and agree to exonerate, indemnify and save harmless [Selective]
> (and any surety that [Selective] procures to execute any Bond and
> any other surety with which [Selective] may act as co-surety on
> any Bond or other instrument) from and against any and all
> liability, loss, cost, damage and expense of whatsoever kind and
> nature, including, but not limited to, interest, court costs and
> counsel, attorneys, consulting, accounting and other professional
> and trade fees, whether incurred on a flat fee per claim, percentage,
> time and material, hourly or other basis, (including the cost of in-
> house professionals) which [Selective] may sustain, incur, be put
> to or to which it may be exposed (1) by reason of having executed

any Bond or other instrument or any renewal, modification, continuation, substitution or extension thereof, (2) by reason of the failure of any one or more of the Indemnitors to perform or comply with the promises, covenants and conditions of this Agreement or, (3) in enforcing any of the promises, covenants or conditions of this Agreement.  The liability of the Indemnitors shall extend to and include the amount of all payments, together with interest thereon at the rate of prime as published in the Wall Street Journal (or similar national financial publication should the Wall Street Journal cease to public such rates) plus two points from the date of such payments, made by [Selective] under [Selective's] belief that (1) [Selective] was or might be liable therefor or (2) the payments were necessary or advisable to protect any of [Selective's] rights or to avoid or lessen [Selective's] liability or alleged liability.  While [Selective] shall be under no obligation to advance or loan money to any Indemnitor, the liability of the Indemnitors shall also extend to any loans or advances, including any interest thereon, made by or guaranteed by [Selective] for the benefit of one of more of the Indemnitors, without any obligation on [Selective's] part to see to the application thereof.  Payment by reason of the aforesaid causes shall be made by the Indemnitors to [Selective] at its Home Office in Branchville, New Jersey as soon as liability exists or is asserted against [Selective], whether or not [Selective] shall have made any payment therefor.  Indemnitors agree that the vouchers or other evidence of such payments sworn to by a duly authorized representative of [Selective] shall be prima facie evidence of the fact and extent of the liability of the Indemnitors to [Selective].

13.   Paragraph 7 of the Indemnity Agreement sets forth the Indemnitors' agreement,

jointly and severally, that:

[Selective] shall have the right to adjust, settle or compromise any claim, demand, suit or judgment upon any of the Bonds procured or executed by it and [Selective's] decision thereon shall be final and binding upon the Indemnitors.  [Selective] shall be entitled to apply any collateral security by it under this Agreement or any collateral security agreement between it and any of the Indemnitors to the satisfaction of or in reimbursement of [Selective] as a result of its satisfaction of any claim, demand, suit or judgment upon any of the Bonds procured or executed by it and to direct payment of or reimbursement to itself of interest, costs, expenses and counsel and other professional or consulting fees incurred by it as a result of its having executed or procured any Bond.  [Selective] shall at all times have the right but not the obligation to retain the counsel and experts of its choice to defend itself from any claim, lien, levy,

liability, suit or judgment brought against [Selective] on any Bond or against any job funds or collateral security held by [Selective] or an Obligee on any Bond, including retainages or to prosecute an action to preserve [Selective's] rights with respect to collateral security, contract funds, trust funds or liens on any bonded project and the cost of retaining such counsel and experts shall fall within the Indemnitors' obligation to indemnify, exonerate and hold [Selective] harmless.

## II.   SELECTIVE'S BONDS, LOSSES AND EXPENSES

14.      Selective issued various bonds on behalf of Mazzuca, as principal, in favor of Oliver Township, as obligee, including but not limited to Performance Bond No. B1088396 (the "McVeytown Performance Bond"), and an associated Maintenance Bond (together the McVeytown Performance Bond and the Maintenance Bond shall be referred to collectively as the "Bonds." True and correct copies of the Bonds are attached hereto and incorporated herewith as composite **Exhibit B**.

15.      On or about December 19, 2019, Selective issued check no. 010889588 in the amount of $165,000 to Oliver Township to resolve the obligee's claims against the Bonds. A true copy of Selective's check is attached hereto and incorporated herewith as **Exhibit C**.

16.      Selective incurred unreimbursed loss adjustment expenses in connection with Oliver Township's claims against the Bonds, including but not limited to attorneys' fees and costs and consultants' fees and costs.

## FIRST COUNT

### CONTRACTUAL INDEMNIFICATION

17.     Selective repeats each and every allegation set forth in the preceding paragraphs of its Verified Complaint as if set forth at length herein.

18.     Pursuant to the Indemnity Agreement, and as set forth at length above, the Indemnitors are jointly and severally liable to agreed Defendant Shapiro agreed to "exonerate, indemnify and save harmless [Selective] . . . from and against any and all liability, loss, cost, damage and expense of whatsoever kind or nature, including, but not limited to, interest, court costs and counsel, attorneys, consulting, accounting and other professional and trade fees"

19.     The Indemnitors breached their joint and several contractual obligations by failing to exonerate, indemnify and save harmless [Selective] as required by the Indemnity Agreement.

20.     As a result of the Indemnitors' joint and several breach of the Indemnity Agreement, Selective has incurred a net loss to date of no less than $165,000.  Additionally, Selective has incurred no less than $39,365.80 in legal fees and disbursements paid to McElroy, Deutsch, Mulvaney & Carpenter, LLP, to date, in addition to no less than $6,994.75 in consultants' fees paid to Cashin, Spinelli & Feretti LLC.  Accordingly, Selective's net losses and expenses incurred to date amount to no less than $211,360.55.  Selective reserves its rights to seek additional losses and expenses from the Indemnitors as they are incurred, including but not limited to legal fees and disbursements in connection with the prosecution of this lawsuit or otherwise.

**WHEREFORE**, Selective demands that judgment be entered jointly and severally against all Defendants:

(a)     for contractual indemnification for all losses incurred and to be incurred by Selective, and any and all liability, loss, cost, expense, and attorneys' fees to be incurred by Selective, together with appropriate interest thereon;

(b)     for declaratory relief, declaring Defendants jointly and severally liable to Selective for all loss, liability, cost or expense to which Selective may be exposed or which it may sustain;

(c)     for attorneys' fees and costs of suit; and

(d)     for such other and further relief, legal or otherwise that this Court may deem just and proper.

McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
Attorneys for Plaintiff,
Selective Insurance Company of America

By:     */s/ Scott A. Levin*

Dated: May 4, 2020                    Adam R. Schwartz
                                      Scott A. Levin
                                      1300 Mt. Kemble Avenue
                                      P.O. Box 2075
                                      Morristown, New Jersey 07962
                                      (973) 993-8100

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding. No other action or arbitration proceeding is contemplated and no other parties need to be joined in the above action.

> McELROY, DEUTSCH, MULVANEY &
> CARPENTER, LLP
> Attorneys for Plaintiff,
> Selective Insurance Company of America
>
> By: _____ /s/ Scott A. Levin _____
> Adam R. Schwartz
> Scott A. Levin
> 1300 Mt. Kemble Avenue
> P.O. Box 2075
> Morristown, New Jersey 07962
> (973) 993-8100

Dated: May 4, 2020